# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG ALLEN, | ) | |
| | ) | FILED: OCTOBER 7, 2008 |
| Plaintiff, | ) No. | 08CV5718 |
| | ) | JUDGE LEINENWEBER |
| vs. | ) Judge | MAGISTRATE JUDGE SCHENKIER |
| | ) Magistrate Judge | |
| CITY OF CHICAGO, | ) | TC |
| Chicago Police Officers | ) | |
| ADAM WALLACE, Star 14953, and | ) Jury Demand | |
| MOHAMMAD YUSUF, Star 15109, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff is a resident of Chicago, Illinois.

5.      Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.      The Defendant-Officers are sued in their individual capacities.

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8.      On or about March 6, 2008, at approximately 4 a.m., Plaintiff was returning to his home from buying cigarettes at a gas station on Division and Central.

9.     While driving, Plaintiff arrived at the intersection of Parkside and Hirsch, stopped at the stop-sign, and then proceeded to turn right onto Hirsch.

10.     Plaintiff saw Defendant-Officers WALLACE and YUSUF's police car behind him as he pulled in front of his home on Hirsch.

11.     Plaintiff parked in front of his home.

12.     WALLACE and YUSUF parked behind Plaintiff.

13.     WALLACE and YUSUF walked up to Plaintiff's car; one Defendant-Officer approached Plaintiff's car on the driver's side and the other approached on the passenger side.

14.     WALLACE and YUSUF asked Plaintiff where he was coming from and what he was doing.

15.     Plaintiff got out of his car and began to walk to his home.

16.     WALLACE and YUSUF ordered Plaintiff to come to them and place his hands on their police car.

17.     Plaintiff was seized and not free to leave.

18.     Plaintiff had not violated any city, state or federal law. WALLACE and YUSUF did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. WALLACE and YUSUF did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

19.     Plaintiff asked WALLACE and YUSUF what was going on.

20.     WALLACE and YUSUF told Plaintiff that "We're going to do this the hard way."

21.     WALLACE and YUSUF grabbed Plaintiff's arms and tackled him to the ground.

22.     WALLACE and YUSUF handcuffed Plaintiff.

23.     As Plaintiff was lying handcuffed on the ground, one of the Defendant-Officers sprayed mace in Plaintiff's face and hit Plaintiff's face with his flashlight.

24.     During the beating, one of the Defendant-Officers swore at Plaintiff and called him a "cocksucker."

25.     Plaintiff was taken by ambulance from the scene to the hospital, Our Lady of the Resurrection, where he received treatment for his injuries. Plaintiff received stitches and treatment for mace exposure.

26.     After Plaintiff was treated at the hospital, he was taken to the 25th District police station.

27.     Plaintiff was charged with unlawful possession of a controlled substance, two counts of resisting a police officer, and traffic citations. The case was docketed in the Cook County Circuit Court as: <u>People v. Allen</u>, 08110972201. On April 16, 2008, there was a finding of no probable cause and the charges were dismissed.

28.     Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

29.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, and monies posted for bond.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

30.     Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

31.     Plaintiff was not free to leave.

32.     Defendant-Officers stopped and seized Plaintiff.

33.     Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

34.     The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

35.     Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

36.     Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

37.     The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

38.     Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

39.     Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

40.     Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

41.     While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

42.     Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Malicious Prosecution)

43.  Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

44.  Defendant-Officers WALLACE and YUSUF instituted charges against Plaintiff for unlawful possession of a controlled substance and resisting a police officer.

45.  There was not probable cause for such charges.

46.  The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award Plaintiff compensatory and punitive damages,

c)  Award costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law *Respondeat Superior* Claim)

47.  The acts of the Defendant-Officers described in the state law claims specified above were willful and wanton, and committed in the scope of employment.

48.  Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

49.  The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

50.  Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595